AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

**FILED**

for the

Central District of Illinois

FEB 13 2019

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| United States of America | ) | |
| v. | ) | |
| ANTHONY ALFARO | ) | Case No. |
| | ) | 19- MJ - 6010 |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____February 11, 2019____ in the county of ____Peoria____ in the
____Central____ District of ____Illinois____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) | Defendant did knowingly possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

Please see attached affidavit.

s/ Corey Miller

☑ Continued on the attached sheet.

*Complainant's signature*

Corey Millier, Peoria PD, DEA-TFO

*Printed name and title*

Sworn to before me and signed in my presence.

s/Michael M. Mihm

Date:  ____02/13/2019____

*Judge's signature*

City and state:  ____Peoria, Illinois____

Michael M. Mihm, U.S. District Judge

*Printed name and title*

# AFFIDAVIT

I , Corey Miller, having been first duly sworn, state:

1.      I am a Police Officer employed by the City of Peoria and have been so employed since May 2000.  I am currently assigned to the Special Investigation Division/ Vice and Narcotics Unit (S.I.D.).  Since January 2009 I have been assigned as a Task Force Officer with the Drug Enforcement Administration - Springfield, IL. Resident Office, stationed in Peoria, Illinois.  I have received extensive training for investigations of narcotics violations, including but not limited to, an 80 hour Basic Narcotics Investigation course held at Camp Dodge, Iowa in September 2006.  In addition, I have also participated in numerous arrests and seizures. This affidavit is made in support of criminal complaints and arrest warrants for Carlos COLUNGA (DOB 12/07/19██, Anthony M. ALFARO (DOB 09/20/19██) and Jennifer L. GARZA (DOB 02/02/19█). The information in this affidavit is based on, among other things, my personal knowledge and information provided to me by other officers and agents. Since this affidavit is being submitted for the limited purpose of supporting a complaint and securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish

probable cause that COLUNGA and GARZA have committed violations of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A); and, ALFARO has committed a violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A).

## RELEVANT STATUTES

2.      Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) prohibit someone from knowingly possessing with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Title 21, United States Code, Section 846 prohibit someone from conspiring with another to knowingly possess with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

## PROBABLE CAUSE

3.      On February 11, 2019, I received a phone call from DEA TFO Jason Hesse concerning a vehicle with Texas plates traveling northbound on I-155 toward Morton, IL.  TFO Jason Hesse sent a photo of Carlos COLUNGA a hispanic male believed to be operating the vehicle. TFO Hesse stated a DEA agent would be calling from San Antonio, TX.  Later, Special Agent (SA) Rodriquez from San Antonio, TX called and stated they were

lawfully tracking two cellular phones believed to be possessed by Carlos COLUNGA. SA Rodriquez believed COLUNGA could be transporting illegal narcotics from Texas. SA Rodriquez stated that he would send updates of the location of the cellular phones which would reveal the vehicle COLUNGA was utilizing. I contacted members of the Peoria Police Target Offender Unit/Special Investigation Division and requested assistance locating the vehicle with Texas plates.

4. SA Rodriquez notified me that the phones were in the area of the Walmart Shopping Center located in East Peoria, IL. Peoria Police Officer Todd Leach located the vehicle in Walmart parking lot unoccupied. I then walked in the Walmart and located COLUNGA with unknown female (later identified as GARZA) inside Walmart shopping.

5. Surveillance was established on the vehicle with Texas plates. After making some purchases, COLUNGA and GARZA departed Walmart and traveled to the Target department store in East Peoria, IL. COLUNGA exited the driver seat and opened the rear driver side door and entered the back seat. After approximately ten minutes, COLUNGA exited the vehicle and walked into Target. Peoria Police Sgt. Barisch and Sgt. Lane also walked into Target to maintain surveillance. They observed COLUNGA meeting with an unknown male (later identified as ALFARO). COLUNGA and

ALFARO exited Target without purchasing any items and walked back to COLUNGA's vehicle. COLUNGA sat in the driver seat and ALFARO sat in the rear behind COLUNGA – the seat that COLUNGA had sat in for several minutes before entering Target. The vehicle then drove to another parking space in the same parking lot.

6.      Based on my training, experience, the observations to that point, as well as the information supplied to the Affiant by SA Rodriquez, I believed that a drug transaction was occurring. Officer Leach and I approached the vehicle, along with other officers. As Officer Leach approached the vehicle, ALFARO opened the driver side rear door holding a cardboard box. Once ALFARO observed Officer Leach he placed the box back in the vehicle.

7.      COLUNGA immediately and spontaneously made statements concerning a cellular phone and his source of supply observing what was occurring. COLUNGA explained that methamphetamine was in the vehicle COLUNGA immediately began cooperating with police and consented to a search of the vehicle.

8.      A search of the vehicle revealed the browncard board box held by ALFARO contained two packages wrapped in black duct tape. One package contained approximately 1,156 grams of methamphetamine (sample

field test positive). The second package contained 2,374 grams of suspected plaster material purported to be a brick of illegal narcotic. Located in the rear trunk area of the vehicle was five packages wrapped in duct tape with a total weight of 2,976 grams of suspected methamphetamine. A total of $6,000 of U.S. Currency was located in the glove box.

9.      SA Yacup and I conducted post arrest Mirandized interviews of COLUNGA, GARZA, and ALFARO. Each waived Miranda and agreed to speak. The following is a brief summary of the interviews. COLUNGA admitted to transporting the methamphetamine from Texas intending to distribute the methamphetamine in Illinois. ALFARO admitted he paid $6,000 (located in glove box) to COLUNGA for illegal drugs. ALFARO said that he believed the box contained marijuana. GARZA stated that she had been traveling with COLUNGA since they left Texas, but said she had limited knowledge of COLUNGA's drug dealing. GARZA also admitted to placing the currency in the glove box.

## CONCLUSION

10.      I respectfully submit this affidavit as probable cause to believe Carlos COLUNGA and Jessica GARZA have knowingly conspired to manufacture, distributed, and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of

methamphetamine, and in furtherance of that conspiracy did manufacture, distribute, and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

11.     I respectfully submit this affidavit as probable cause to believe Anthony ALFARO has knowingly manufactured, distributed, and possessed with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A).

Further, affiant sayeth not.

s/ Corey Miller

Corey Miller
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me this
this 13th Day of February, 2019, in
s/Michael M. Mihm

Michael M. Mihm,
United States District Judge